United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60899
Summary Calendar

JEREMY C. GRAHAM,

Plaintiff-Appellee,

versus

ENSCO OFFSHORE COMPANY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:03-CV-526
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This Jones Act claim stems from an injury suffered by the plaintiff on an offshore drilling platform in the Gulf of Mexico. The plaintiff was shocked as a result of touching a crane which was struck by lightning, and he prevailed in his suit in the district court based on a violation of a duty to provide a safe workplace. The district court found that Ensco failed to shut down its platform and take safety precautions in the face of a concentrated series of lightning strikes from 9:45 to 10:30 in the morning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preceding the strike on the crane. The court found that the strike on the crane occurred between 10:30 and 10:40 that morning. The court based this finding on a report produced by a lightning research expert who charted the strikes in the area based on data collected by sensors from a national detection network.

The appellant alleges that this finding of fact was clearly erroneous. See Gavagan v. United States, 955 F.2d 1016, 1019 (5th Cir. 1992). The appellant argues that the evidence shows that the strike occurred at 11:00, as a single strike without warning. It bases this claim on evidence that the incident reports produced immediately after the accident noted it as occurring at 11:00 and that employees testified that they did not see any lightning strikes prior to the hit on the crane. The district court chose to credit the sensor data presented to it as opposed to testimony of the employees or the time recorded in the incident report. The employee recollections could be incorrect and the accident report could conceivably reflect a time after the actual strike, such as when the plaintiff actually reported the shock. The finding that the lightning strike occurred earlier was supported by substantial evidence and was not contradicted by the great preponderance of the evidence. Mumblow v. Monroe Broadcasting, Inc., 401 F.3d 616, 622 (5th Cir. 2005). As such, the finding that the sensor data was more credible was not clearly erroneous. We therefore AFFIRM.